UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry D. Pinson,

Plaintiff,

v.

Grazzini Brothers,

Defendant.

Civ. No. 01-1113 (JEL/JGL)
ORDER

---

Richard T. Wylie, Esq., Wylie Law Office, appeared for Plaintiff Larry D. Pinson.

William L. Davidson, Esq., Lind, Jensen, Sullivan & Peterson, P.A., appeared for Defendant Grazzini Brothers.

---

Plaintiff Larry D. Pinson worked as a tile finisher for Defendant Grazzini Brothers (Grazzini) from July 1999 to January 2000. After his termination, Pinson brought this suit against Grazzini in Minnesota state court. His Complaint alleges that Grazzini discriminated against him on the basis of race and disability in violation of the Minnesota Human Rights Act (MHRA), Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990, and that Grazzini violated the Family Medical Leave Act. After removing the action to this Court, Grazzini brought a counterclaim for breach of contract. The matter is before the Court on Grazzini's Motion for Summary Judgment. For the reasons set forth below, the Court grants Grazzini's motion in part and remands the case to state court.

## I. SUBJECT MATTER JURISDICTION

The Court has jurisdiction over Pinson's claims pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) (2000).

FILED NOV 0 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED________
DEPUTY CLERK'S INITIALS________

## II. DISCUSSION

Pinson concedes that his disability discrimination and FMLA claims should be dismissed. Thus, his only remaining claims are his race discrimination claims under Title VII and the MHRA.

### A. Title VII Race Discrimination Claim

Pinson asserts that Grazzini violated Title VII by subjecting him to racial harassment and by discharging him because of his race. Grazzini argues that it is entitled to summary judgment because Pinson failed to exhaust his administrative remedies.

Title VII prohibits discrimination in employment based on race. 42 U.S.C. § 2000e-2(a) (2000). Before initiating a private civil action under Title VII, a plaintiff must exhaust his administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) that sets forth the facts and nature of the discrimination and receiving notice from the EEOC of the right to sue. *Mohr v. Dustrol, Inc.*, 306 F.3d 636, 643-44 (8th Cir. 2002); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams*, 21 F.3d at 222; *see Mohr*, 306 F.3d at 644. Upon exhaustion of administrative remedies, the plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998). The plaintiff, however, may not seek relief based on allegations outside the scope of the EEOC charge. *Mohr*, 306 F.3d at 644; *Williams*, 21 F.3d at 223.

1. *Discriminatory discharge*

The Court first considers whether Pinson exhausted his administrative remedies with respect to his claim that Grazzini discharged him because of his race. Pinson checked the boxes for both race and disability discrimination on his EEOC charge. Pinson's narrative, however, is devoted to his charge of disability discrimination. Pinson stated that he was absent from work in late November and early December 1999, "for medical reasons." At Grazzini's request, Pinson submitted a doctor's note confirming that he needed time off from work for medical reasons. Pinson also explained his disability to Grazzini. Approximately two weeks after informing Grazzini of his disability, during which time he was called "sporadically for work," Pinson was fired. Pinson stated that Grazzini had "[w]hite disabled employees who have not been treated in this way." He reiterated his belief that Grazzini had discriminated against him because of his race and disability.

The Court's review of Pinson's EEOC charge reveals three items that arguably relate to his discriminatory discharge claim: he checked the race discrimination box; his belief that Grazzini discriminated against him because of his race; and his allegation about Grazzini's treatment of white, disabled employees. Exhaustion of administrative remedies requires more than merely checking the race discrimination box and expressing a belief that an employer discriminated on the basis of race. *See Faibisch*, 304 F.3d at 803 ("[A Title VII plaintiff] may not make a conclusory statement of sex discrimination in the charge and then file suit on whatever facts or legal theory she may later decide upon."); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 673 (8th Cir. 1994) ("The Seventh Circuit held, 'it will not suffice to file general charges with the [administrative agency], as was done here, and then to expect that this allegation will permit all claims of race-based discrimination in a subsequent lawsuit.' We agree."). Pinson's concession that his disability discrimination claims should be dismissed renders reliance on his allegation about Grazzini's white, disabled employees

misplaced. Pinson failed to allege any facts in the EEOC charge that establish a connection between his termination and Grazzini's alleged racial discrimination. Therefore, Pinson did not exhaust his administrative remedies with respect to his claim that Grazzini discharged him because of his race.

2. *Racial harassment*

"[A] claim of racial harassment in the workplace focuses on the pervasiveness of the racially discriminatory conduct and also the employer's possible knowledge of that conduct and failure to take remedial action." *Tart*, 31 F.3d at 672. Pinson's EEOC charge contains no allegations relating to the pervasiveness of racially discriminatory conduct at Grazzini, Grazzini's knowledge of such conduct, or Grazzini's failure to take remedial action. Thus, Pinson's racial harassment claim is outside the scope of his EEOC charge. Because Pinson failed to exhaust his administrative remedies, he may not seek relief in this action based on his allegations of racial harassment.

**B. MHRA Race Discrimination Claim**

The sole basis for the Court's jurisdiction over Pinson's MHRA race discrimination claim is 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as claims that fall within its original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court has dismissed all claims over which it has original jurisdiction and declines to exercise its supplemental jurisdiction over Pinson's MHRA race discrimination claim. *See Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998); *Save Our Health Org. v. Recomp of Minn., Inc.*, 829 F. Supp. 288, 293 (D. Minn. 1993), *aff'd*, 37 F.3d 1334 (8th Cir. 1994). The Court therefore remands Pinson's MHRA race discrimination claim and Grazzini's breach of contract counterclaim to state court.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Grazzini's Motion for Summary Judgment [Docket No. 11] is GRANTED IN PART.
2. The part of Count I of Plaintiff Pinson's Complaint that alleges disability discrimination is DISMISSED WITH PREJUDICE.
3. Count II of the Complaint is DISMISSED WITH PREJUDICE.
4. Count III of the Complaint is DISMISSED WITH PREJUDICE.
5. Count IV of the Complaint is DISMISSED WITH PREJUDICE.
6. The case is REMANDED to the Minnesota District Court for the First Judicial District.

Dated: November 8, 2002

JOAN ERICKSEN LANCASTER
United States District Judge